## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**  **CRIMINAL ACTION**

**VERSUS**  **NO:  08-11**

**STEVEN HARDRICK**  **SECTION: "S" (5)**

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to Vacate under 28 U.S.C. 2255** (Rec. Doc. 39) is **DENIED**.

### BACKGROUND

On January 17, 2008, defendant was charged in this case with possession of a gun by a felon, in violation of 18 U.S.C. § 922(g)(1). Defendant pleaded guilty, and on February 18, 2009, he was sentenced to 64 months imprisonment and three years supervised release. In 2010, in a separate federal court proceeding, the defendant was charged with several murders and various drug trafficking violations in case number 10-CR-202. In that case, defendant pleaded guilty pursuant to an 11(c)(1)(C) plea agreement to conspiracy to distribute controlled substances (Count 1), in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C) and 841(b)(1)(D), and was sentenced to 20 years imprisonment. In separate counts, defendant pleaded guilty to two counts of causing death through the use of a firearm during a drug trafficking crime for the separate killings of Dwayne Landry and Thelonius Dukes (Counts 3 and 6), in violation of 18 U.S.C. § 924(j)(1); carjacking resulting in the deaths and murders of Brett Jacobs and David Alford (Count 8), in violation of 18 U.S.C.§ 2119(3); and witness tampering resulting in the death and

murder of Howard Pickens (Count 12), in violation of 18 U.S.C.§ 1512(a)(1)(C) and (a)(3)(A). For each of these violations, defendant was sentenced to 30 years imprisonment, and pursuant to the plea agreement, this sentence was imposed concurrently with Count 1.

Defendant completed the incarceration portion of the 64-month sentence imposed in this case for his felon in possession charge on November 19, 2012, and he began to receive credit for his sentence in 10-CR-202, which he is currently serving. Once the imprisonment in 10-CR-202 is complete, defendant will serve the three-year term of supervised release imposed by this court.

On November 21, 2019, defendant filed a § 2255 motion in 10-CR-202, contesting the validity of his 18 U.S.C. § 922(g) conviction based on the United States Supreme Court's holding in Rehaif v. United States, 139 S. Ct. 2191 (2019). That petition was denied based on the fact that there was no conviction under § 922(g) in that case.

On October 26, 2020, defendant filed an application in the Fifth Circuit Court of Appeals for leave to file a second or successive motion to vacate, set aside or correct sentence under 28 U.S.C. §2255, in both 08-CR-11 and 10-CR-202. On November 17, 2020, the Fifth Circuit issued an order stating that authorization was not required for defendant to proceed on his § 2255 in 08-CR-11, because Hardrick had not previously filed a §2255 motion in this case. The Fifth Circuit also directed that the filing date for defendant's §2255 be deemed no later than the date on which defendant filed the motion for authorization in the Fifth Circuit, October 26, 2020. Rec. Doc. 39.

In his §2255, defendant argues that his sentence should be vacated in light of Rehaif, in which the Supreme Court of the United States held that, in a prosecution for possession of a

2

firearm by a restricted person in violation of 18 U.S.C. §§ 922(g) and 924(a), the government must prove both that the defendant knew he possessed the firearm and that he knew he belonged to the relevant category of persons restricted from possessing a firearm (the "status requirement"). He contends that the pre-Rehaif indictment did not charge all of the elements for a § 922(g) violation, and thus that he did not knowingly plead guilty to all the elements of a crime, specifically, the status requirement. He further contends that this defect warrants reversal of his conviction. Because defendant's § 2255 challenges his conviction, and not just the length of imprisonment, the motion is not moot, notwithstanding the fact that his term of imprisonment for this conviction has expired. See United States v. Ramirez-Gonzalez, 840 F.3d 240, 244 (5th Cir. 2016) (citing United States v. Juvenile Male, 564 U.S. 932, 936 (2011).

## ANALYSIS

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside, or correct the sentence. "Section 2255 provides the primary means of collateral attack on a federal sentence [and][r]elief under this section is warranted for any error that occurred at or prior to sentencing." Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). Section 2255(f) provides that a one year statute of limitations applies to § 2255 motions. The limitations period runs from the latest of—

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, defendant's § 2255 motion is premised on section (f)(3) above, and he argues that it is timely because it was filed within one year of the Supreme Court's decision in Rehaif. Rehaif was decided on June 21, 2019, and thus motions premised on Rehaif must have been filed by June 21, 2020. Defendant's habeas has been deemed filed October 26, 2020. Accordingly, it was filed well beyond the one-year limitations period.

Petitioner contends, however, that the court should deem October 1, 2019 as the filing date for his petition, because that is the date he first attempted to file a § 2255 petition based on Rehaif in his other case pending in this district, 10-CR-202. He further argues that in view of his pro se status, the court should make allowances for the fact that he filed it in the wrong action, and adopt the earlier filing date for the instant motion. This is essentially an equitable tolling argument.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998) (citation and internal quotation marks omitted). This doctrine applies only in "rare and exceptional circumstances." Id. at 811. It is appropriate when the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way of timely filing his § 2255 motion." United States v. Petty, 530 F.3d 361, 365 (5th Cir.

4

2008) (internal quotations omitted). Status as a pro se litigant is not alone sufficient to equitably toll the statute of limitations. Petty, 530 F.3d at 366. "[L]ack of legal training, ignorance of the law, and unfamiliarity with the legal process are [also] insufficient reasons" to equitably toll the statute of limitations. United States v. Patterson, 211 F.3d 927, 930-31.

The facts of this case do not present the rare and exceptional circumstances that would justify equitable tolling. Petitioner mistakenly filed his Rehaif motion in his case that did not include a felon in possession conviction. The order dismissing defendant's Rehaif claim in 10-CR-202 specifically stated that the court "did not sentence Hardrick for a Section 922(g) offense" and that "defendant was convicted of a Section 922(g) offense by a separate court." Defendant did not file the instant § 2255 motion for five months, an indication that defendant did not diligently pursue his rights. Accordingly, the court finds that equitable tolling does not apply, and defendant's Rehaif claim is untimely.[1]

    Accordingly,

_____

[1]Because the motion is untimely, the court does not reach the issue whether Rehaif applies on collateral review. The court notes, however, that nothing in Rehaif suggests that the decision was applicable to cases on collateral review. 130 S. Ct. 2191 (2019). Further, every appellate court that has examined the question, and other courts in this district that have confronted the question, have held that the Supreme Court did not make Rehaif retroactive to cases on collateral review. See, e.g., Mata v. United States, 969 F.3d 91 (2d Cir. 2020); In re Sampson, 954 F.3d 159, 161 (3d Cir. 2020); In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019); United States v. Scott, No. CR 17-23, 2020 WL 1030927 (E.D. La. Mar. 3, 2020), recons. denied, 2020 WL 1848078 (E.D. La. Apr. 13, 2020) (Africk, J.); United States v. Wilson, 2020 WL 5993158 (E.D. La. Oct. 9, 2020) (Barbier, J.); United States v. Eugene, 2020 WL 587983, at *5 (E.D. La. Feb. 6, 2020) (Feldman, J.).

5

**IT IS HEREBY ORDERED** that defendant's **Motion to Vacate under 28 U.S.C. 2255**

(Rec. Doc. 39) is **DENIED**.

New Orleans, Louisiana, this ___1st___ day of April, 2021.


_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**